# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **CLARENCE SHAKESNIDER, JR.** | **CIVIL ACTION NO. 07-2085** |
| **VS.** | **SECTION P** |
| **BURL CAIN, WARDEN** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* filed pursuant to the provisions of 28 U.S.C. § 2254 by *pro se* petitioner Clarence Shakesnider, Jr. on November 29, 2007. Shakesnider is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Petitioner attacks his September 11, 2003 conviction for second degree murder entered in the Twenty-Seventh Judicial District Court for St. Landry Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

**STATEMENT OF THE CASE**

On January 29, 2003, petitioner was indicted by the St. Landry Parish Grand Jury and charged with the second degree murder of his wife, Penny Shakesnider. He was found guilty as charged on September 11, 2003, following a trial by jury. On the same day, petitioner waived the delays for sentencing and the trial court imposed the mandatory life sentence. [rec. docs. 1-3, pp. 2-3; 1-4, p. 5].

The Louisiana Third Circuit Court of Appeal affirmed petitioner's conviction and sentence on April 7, 2004. *State of Louisiana v. Clarence Shakesnider, Jr.*, 2003-1489 (La. App. 3 Cir. 4/7/2004), 870 So.2d 650. Notice of Judgement was mailed that same date.[1] Petitioner asserted two claims for relief: (1) that there was insufficient evidence to support his conviction; and (2) that the "trial court erred in refusing to allow defense counsel to argue the penalty for second degree murder." [rec. docs. 1-4, pp. 3-15; 5-2, pp. 1-12].

On June 17, 2004, petitioner submitted a writ application to the Louisiana Supreme Court.[2] On April 29, 2005, his writ application was denied without comment.

---

[1] Louisiana Uniform Rules, Courts of Appeal Rule 2-16.4 provides "In every case, one copy of the published or unpublished opinion, when rendered, shall be delivered or mailed to the trial judge, the clerk of the trial court, all appeal counsel of record, and all parties not represented by counsel." By Order dated March 12, 2008, petitioner was advised that to the extent that he might claim that notice of judgement was mailed on some date other than April 7, 2004, he was to provide evidence in support of his claim. [rec. doc. 4, p. 6]. Petitioner has provided no such evidence. Accordingly, this court presumes that the Third Circuit followed its own rule and mailed notice of judgment on April 7, 2004, the date the Third Circuit rendered judgement on direct appeal.

[2] Petitioner did not provide a copy of his writ application to the Louisiana Supreme Court to this Court despite being ordered to do so. [ rec. doc. 4, p. 6]. Petitioner did, however, provide a copy of "Inmate's Request for Legal/Indigent Mail" which reveals that he mailed an item, presumably his writ application, to the Louisiana Supreme Court on June 17, 2004. [rec. doc. 5, p. 9].

*State of Louisiana ex rel. Clarence Shakesnider v. State of Louisiana*, 2004-1368 (La. 4/29/2005), 901 So.2d 1049. [rec. docs. 1-4, p. 16; 5-2, p. 13]. Petitioner did not seek further review in the United States Supreme Court.

On June 27, 2005, petitioner filed a *pro se* Application for Post-Conviction Relief in the Twenty-Seventh Judicial District Court.[3] [rec. doc. 5-2, pp. 14-32]. The application was rejected on procedural grounds on July 14, 2005.[4] [rec. doc. 5-3, pp. 8 and 17].

On July 28, 2005, petitioner filed a second Application for Post-Conviction Relief which apparently conformed to the procedural requirements of article 926. [rec. doc. 5-2, pp. 33-46]. Petitioner argued two claims for relief: (1) The trial court erred when it allowed the testimony of an expert in the field of guns to testify outside of his area of training and expertise and failed to exclude unreliable opinion evidence in violation of *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 113 S.Ct. 2786, 125 L.Ed. 2d 469 (1993), and the Sixth and Fourteenth Amendments to the United States Constitution and Louisiana Constitution Article 1 §2 and 16; and (2) Petitioner was denied his Sixth and Fourteenth [Amendment] rights [to effective assistance of counsel pursuant to *Strickland*

---

[3] Petitioner signed his *pro se* application for post-conviction relief on June 27, 2005. [rec. doc. 5-2, p. 20]. In *State ex rel. Egana v. State*, 00-2351 (La.9/22/00), 771 So.2d 638, the Louisiana Supreme Court approved the use of the "mailbox rule" set forth in *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988) for *pro se* prisoner filings. *Houston* held that a *pro se* prisoner's pleading is "filed" at the moment of delivery to prison authorities for forwarding to the district court. The earliest date petitioner's post-conviction application could have been delivered to the prison authorities for mailing is the date petitioner signed the application. Therefore, for the purposes of this Report, the undersigned has given petitioner the benefit of the mailbox rule, presuming filing occurred, at the earliest, on June 27, 2005.

[4] Petitioner neglected to attach a copy of the judgment of conviction and sentence as required by LSA C.Cr.P. art. 926(A). The pleading was dismissed in accordance with LSA C.Cr.P. art. 926(E). [rec. doc. 5-3, pp. 8 and 17].

*v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] when his trial attorney failed to request funds for an expert witness for the defense. [rec. doc. 5-2, p. 42].

Counsel was appointed and on May 5, 2006, an evidentiary hearing was held. [rec. doc. 1-3, p. 3; rec. doc. 5-3, pp. 44-62]. Petitioner's trial counsel was the only witness called to testify. At the conclusion of the hearing, the trial court provided oral reasons for judgment rejecting the application:

> I've reviewed the record and my recollection is the trial judge went into almost to a *Daubert* type examination of the qualifications of Mr. Lancon and the trial judge made a determination that he was qualified in the field of ballistics to discuss trajectory . . .
> \* \* \*
> The Court in this matter has reviewed the record of these proceedings that went on before the trial court before this Judge took the bench. The Court has also reviewed the post-conviction relief petition of the defendant in this matter which was very well done in comparison with others that this Court sees.
>
> The Court is going to deny the motion. The post-conviction relief filed by Mr. Shakesnider addressed the issue of the competency of Mr. Lancon as an expert in the trajectory of weapons; however, as the Court previously alluded, the trial judge did almost a *Daubert* examination and determined that he was qualified.
>
> In addition to that, the Court notes that in this matter the defense was that this was an accidental discharge of the weapon and when Mr. Shakesnider appealed his case to the Third Circuit, the Third Circuit said that the defendant's theory of accidental discharge was disproved by Mr. Lancon's testimony regarding the safety mechanisms the rifle was equipped with and that steps must be taken in order to fire the rifle. So it was not so much on the trajectory but on the basis that there was evidence contradicting that there was an accidental discharge of the weapon. [rec. docs. 1-4, pp. 33-35; 5-3, pp. 61-62].

Petitioner filed a Notice of Intent to seek a writ of review in the Third Circuit Court of Appeals. [rec. doc. 5-3, pp. 36-38]. He also requested a copy of the transcript of the evidentiary hearing. [rec. doc. 5-3, pp. 39-41]. Petitioner filed an application for writs raising claims identical to those raised in his application for post-conviction relief. [rec. doc. 5-3, pp. 25-35]. On September 20, 2006, the Third Circuit ordered that a copy of the transcript be submitted. [rec. doc. 5-3, p. 43]. On September 29, 2006, the transcript was submitted to the petitioner and the Court of Appeals. [rec. doc. 5-3, p. 42].

On January 8, 2007, the Third Circuit denied relief finding, "no error in the trial court's ruling . . . ." *State of Louisiana v. Clarence Shakesnider, Jr.*, No. KH 06-00886 (La. App. 3 Cir. 1/8/2007). [ rec. docs. 1-4, p. 1; 5-3, p. 63].

On January 22, 2007, petitioner filed an application for writs in the Louisiana Supreme Court. [rec. docs. 5, p. 10; 5-3, p. 64]. On November 2, 2007, writs were denied without comment. *State of Louisiana ex rel. Clarence Shakesnider, Jr. v. State of Louisiana*, 2007-0269 (La. 11/2/2007), 966 So.2d 598. [rec. docs. 1-4, p. 2; 5-3, p. 65].

The instant federal *habeas corpus* petition was signed on November 23, 2007, mailed on November 27, 2007, and received and filed on November 29, 2007. [rec. doc. 1, p. 6 and 7]. Petitioner asserts the same two claims he raised during state post-conviction proceedings: (1) that the trial court erred when it allowed Douglas L. Lancon to testify as an expert in the field of firearm identification and ballistics because he was not qualified to render an opinion on those subjects and because his testimony was not

reliable in violation of *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and the Sixth and Fourteenth Amendments to the United States Constitution; and (2) that petitioner's counsel was ineffective for failing to request for to obtain a defense expert in the field of ballistics and firearms identification to rebut the testimony of Mr. Lancon.

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. § 2244(d) . *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834 *citing Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. § 2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).[5]

---

[5] Nothing in the record before the court suggests that the State created impediments which prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court which was made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [*See* 28 U.S.C. § 2244(d)(1)(B), (C), and (D)]. Accordingly, those subsections are inapplicable.

The statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d at 472 *citing Flanagan,* 154 F.3d at 199, n.1; *Melançon v. Kaylo*, 259 F.3d 401, 404 (5th Cir. 2001); *See also Salinas v. Cockrell*, 354 F.3d 425 (5th Cir. 2004). A petitioner cannot "revive an expired limitation period by simply filing a state [court] petition . . . ." *Villegas,* 184 F.3d at 472 *citing Flanagan,* 154 F.3d at 199, n.1*; Bogan v. Moore*, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999); *Banford v. Cain*, 2000 WL 1808491, *2 (E.D.La. 2000); *Williams v. Cain*, 2000 WL 863132, *2 (E.D.La. 2000)*; Magee v. Cain*, 2000 WL 1023423, *4 (E.D.La. 2000); *Anderson v. Cain*, 2005 WL 2304484, *2 (W.D.La. 2005); *Jones v. Cain*, 2005 WL 2304489, *2 (W.D.La. 2005). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

For purposes of the AEDPA one-year limitation period, petitioner's judgment of conviction became final on May 7, 2004, thirty days after April 7, 2004, the date the Third Circuit Court of Appeals rendered judgment on direct appeal and mailed notice of

same.[6] This is so because Louisiana Supreme Court Rule X, § 5(a) provides only a thirty day window of opportunity for a litigant to seek review of an appellate court judgment.[7] In this case, petitioner's Supreme Court Writ Application was not filed until, at the earliest, June 17, 2004.[8] [ rec. doc. 5, p. 9]. Thus, it is clear that petitioner's writ application was untimely and had no effect on the date that petitioner's conviction became final. *See Leger v. Terrell,* 2007 WL 1655739, *4 (W.D.La. 2007)*; Hypolite v. Terrell,* 2007 WL 2228400, *2 (W.D.La. 2007)*; Hamilton v. Cooper,* 2006 WL 3523913 (W.D.La. 2006); *McGee v. Cain*, 104 Fed.Appx. 989 (5th Cir. 2004) (unpublished) (a conviction becomes final for the AEDPA's limitations purposes on the date that the time expires for seeking a supervisory writ in the Louisiana Supreme Court, not the date that the Louisiana Supreme Court denies the untimely writ application.)[9]; *Singleton v. Miller*,

---

[6] *See* fn. 1, *supra*.
Under Louisiana Code of Criminal Procedure article 922, petitioner's judgment of conviction became final fourteen days after the Third Circuit rendered judgment and no timely application for rehearing had been filed. LSA C.Cr.P. art. 922(B). Under Louisiana Supreme Court Rule X, § 5(a) the time for seeking review in the Louisiana Supreme Court is 30 days. Because § 2244(d)(1)(A) provides that the period of limitations runs from "the expiration of the time for seeking [direct] review", the undersigned has given petitioner the benefit of the longer period set forth in Rule X.

[7] Supreme Court Rule X § 5(a) provides in part, "An application seeking to review a judgment of the court of appeal . . . after an appeal to that court . . . shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal . . . ."

[8] *See* fn. 2, *supra*.

[9] In *McGee*, the Fifth Circuit noted that the *habeas* petitioner's conviction was affirmed by the intermediate appellate court on April 8, 1998. However, the petitioner failed to file his application for *certiorari* within the thirty-day limitations period established by Supreme Court Rule X, § 5(a). The court then framed the issue as follows: "The issue is whether McGee's out-of-time filing of his request for a supervisory writ had any impact on either the commencement or the running of the limitations period." *McGee*, at 991. The court, citing *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004), *cert. denied*, 124 S.Ct. 2099 (2004), then determined "that McGee's conviction became final for the AEDPA's limitations purposes on the date that the time expired for seeking a supervisory writ in the Louisiana Supreme Court, not the date that the Louisiana Supreme Court denied McGee's untimely writ

2002 WL 922389, *1 fn. 18 (E.D.La. 2002).[10]

Petitioner's writ application to the Louisiana Supreme Court was untimely. Accordingly, petitioner's judgment of conviction became final for AEDPA purposes on May 7, 2004, the date the time for seeking further direct review expired. Petitioner had one year from that date, or until May 7, 2005, within which to file his federal *habeas* petition.

Pursuant to § 2244(d)(2), petitioner would be entitled to statutory tolling of the limitations period while a "properly filed" application for state collateral review may have been pending in the Louisiana state courts. However, petitioner's untimely June 17, 2004 filing was not "properly filed." *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000); *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 1812 (2005); *See also Salinas v. Dretke*, 354 F.3d 425 (5th Cir.2004), *cert. denied*, 124 S.Ct. 2099 (2004)*; McGee v. Cain*, 104 Fed.Appx. 989 (5th Cir. 2004) (unpublished); *Leger,* 2007 WL 1655739 at *5;

---

application." *McGee,* at 991. Further appellate review was not available when petitioner failed to comply with Rule X, § 5(a); the application was therefore not "properly filed." *See Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000); *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 1812 (2005). The untimely writ application therefore had no effect on the date that petitioner's conviction became final.

[10]In *Singleton* the court found as follows:
> Louisiana Supreme Court Rule X, § 5(a) provides in pertinent part: 'An application seeking to review a judgment of the court of appeal after an appeal to that court . . . shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal . . . .' Notice of the Court of Appeal's judgment was mailed on February 15, 1996. Rec. Doc. 7. Therefore, petitioner had only thirty days from that date to file a timely writ application with the Louisiana Supreme Court. Petitioner's application for a writ of review or certiorari was not even signed until July 16, 1997, and it was not actually filed with the Louisiana Supreme Court until July 29, 1997. State Rec., Vol. I of II. Accordingly, it was not timely and it had no effect on the date that petitioner's conviction became final.

*Hypolite,* 2007 WL 2228400 at *3; *Hamilton v. Cooper,* 2006 WL 3523913 (W.D.La. 2006). Because the application was clearly untimely, it cannot be considered "properly filed" for purposes of statutory tolling. *Williams* and *Pace, supra.* Moreover, under Louisiana law, in order to re-instate the right to lapsed appellate review, it must be pursued via the collateral review process, by filing an Application for Post-Conviction Relief seeking the restoration of such right in the district court. *Leger,* 2007 WL 1655739 at *5*; Hypolite,* 2007 WL 2228400 at *3; *Hamilton,* at *4 and *McGee*, at 991-992 *citing State v. Counterman*, 475 So.2d 336, 338-339 (La. 1985); La. C.Cr.P. art. 926(a).

Petitioner's application, filed directly in the Louisiana Supreme Court, does not satisfy this procedural requirement. Further, under the rationale set forth by the Fifth Circuit in *Salinas v. Dretke*, the AEDPA limitations period would be tolled only if petitioner sought and obtained leave to file an "out-of-time" writ request.[11] *See Salinas*, 354 F.3d at 430; *Hamilton*, at *4; *McGee*, at 991-992. In his untimely June 17, 2004 writ application, petitioner apparently did not seek permission to file an "out-of-time" writ, and apparently did not request reinstatement of the obviously lapsed limitations period;

---

[11] In *Salinas*, the court found that an "out-of-time petition for discretionary review is in the nature of habeas relief and that the *grant* of such relief 'tolls [the] AEDPA's statute of limitations until the date on which the court . . . declines to *grant* further relief . . . .'" *Id.* The *McGee* court thus opined that "under the rationale set forth in *Salinas*, the AEDPA limitations period would be tolled only while McGee *sought and obtained leave* to file the out-of-time writ request." *McGee,* at 992.

In the instant case, petitioner apparently did not seek leave to file an out-of-time writ request with the Louisiana Supreme Court or by post-conviction proceedings, nor was any such request granted. Consequently, the limitations period was not tolled during the pendency of the application.

thus, permission to pursue further review was apparently not obtained.[12] For these reasons, petitioner's untimely writ application to the Louisiana Supreme Court was not "properly filed"; the application had no effect and could not toll the limitations period. *Leger,* 2007 WL 1655739 at *5; *Hypolite,* 2007 WL 2228400 at *3; *Hamilton*, at *4. Consequently, the limitations period was not tolled during the period between the filing of petitioner's untimely writ application and the Louisiana Supreme Court's writ denial.

For the above reasons, petitioner cannot rely on the tolling provisions of 28 U.S.C. § 2244(d)(2), his untimely writ application in the Louisiana Supreme Court was not a "properly filed" State post-conviction proceeding.

Given that petitioner's judgment of conviction became final for AEDPA purposes on May 7, 2004, he therefore had one year, or until May 7, 2005 to file for federal *habeas* relief. Petitioner had no "properly filed" state post-conviction or other collateral proceedings pending during this time period which could have statutory tolled the running of the limitation period; petitioner did not file his first Application for Post-Conviction relief in the state court until June 27, 2005, after the federal one year limitation period had expired. The filing of this Application did not "revive [his] expired limitation period. . . ." *See Villegas,* 184 F.3d at 472 *citing Flanagan,* 154 F.3d at 199, n.1; *Bogan,* 55

---

[12]The undersigned acknowledges that Louisiana jurisprudence does, in limited circumstances, permit litigants the opportunity to file a petition for out-of-time review directly in the Supreme Court. *See State v. Jacobs*, 504 So.2d 817, 818 at fn. 1 (La. 1987). However, in that case, the petitioner actually filed a "Motion for Delayed Appeal" which Motion was granted. Here, petitioner apparently did not move for reinstatement of his lapsed appellate rights. *See Hamilton*, at *4 fn. 3.

F.Supp.2d at 600; *Sorce,* 73 F.Supp.2d at 294; *Banford v. Cain*, 2000 WL 1808491 at *2; *Williams*, 2000 WL 863132 at *2*; Magee*, 2000 WL 1023423 at *4; *Anderson*, 2005 WL 2304484 at *2; *Jones*, 2005 WL 2304489 at *2. Further, the instant petition was not filed until, at the earliest, November 23, 2007. Therefore, the instant petition for federal writ of *habeas corpus* is barred by the federal one-year limitation period.

Petitioner is also unable to rely upon the doctrine of equitable tolling. To be entitled to equitable tolling, petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida,* -- U.S. at --, 127 S.Ct. at 1085; *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005). *See also Coleman v. Thompson*, 184 F.3d 398, 402-403 (1999), *cert. denied* 120 S.Ct. 2564 (2000); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000).

Petitioner has failed to demonstrate any extraordinary circumstance which in any way prevented his timely filing. Neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder*, 204 F.3d at 171 *citing Fisher*, 174 F.3d at 714. *See also Coleman,* 184 F.3d at 402. Moreover, even attorney error or neglect, is not such an extraordinary circumstance so as to justify the application of equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002). This is so even in cases where a petitioner is harmed by

the actions or inactions of his counsel. *Id.*

Moreover, under the circumstances presented, the undersigned cannot find that petitioner diligently pursued federal *habeas* relief. As the Fifth Circuit has noted, "equity is not intended for those who sleep on their rights." *Coleman,* 184 F.3d at 402 *citing Fisher v. Johnson,* 174 F.3d 710 (5th Cir.1999).

In accordance with the foregoing analysis, the undersigned finds that petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d), and accordingly, dismissal on this basis is warranted.

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual**

**findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

      In Chambers, Lafayette, Louisiana, November 25, 2008.

                                                                                   C. MICHAEL HILL
                                                          UNITED STATES MAGISTRATE JUDGE